UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| -v- | ) | No. 1:23-cr-30-01 |
| | ) | Honorable Paul L. Maloney |
| LAMONT JEVON DAVIS, JR, Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Lamont Davis, Jr. filed a motion for a sentence modification under § 3582(c)(2) (ECF No. 45). Defendant relies on Amendment 821 and asserts that he received status points under USSG § 4A1.1(d). Defendant seeks a reduction in his sentence. The Court will deny Defendant's motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, 18 U.S.C. § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that have the effect of lowering a sentencing guideline range for that defendant. The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). The court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. This first step requires the court to apply the retroactive changes to the Sentencing Guidelines to determine the defendant's new sentencing guideline range. *See United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012) (explaining that "the court substitutes the amendment for the corresponding guidelines provision that was applied when the defendant was sentenced"); *accord United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017) ("Section 1B1.10 provides that, in considering a sentence reduction, a district court must recalculate the defendant's Guidelines range in light of any applicable retroactive amendments."); *United States v. Bryant*, 307 F. App'x 410, 411 (11th Cir. 2009) ("Thus, when a district court reconsiders a sentence on a § 3582(c)(2) motion, it must first recalculate the sentence under the amended guidelines."). A defendant becomes eligible for a sentence modification under § 3582(c)(2) if the defendant's new or recalculated guideline range, determined by applying the retroactive changes, is lower than the guideline range used at the original sentencing. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Status points are those points that were added under then Sentencing Guideline § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides

for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors. With exceptions that do not apply here, a defendant's total criminal history points or criminal history score determines his or her criminal history category. The combination of criminal history category and total offense level determines a defendant's guideline range. The Amendment went into effect on November 1, 2023.

In his motion, Defendant specifically invokes the retroactive changes to "status points" in Part A of Amendment 821. While Defendant is eligible for consideration of sentence modification under 18 U.S.C. § 3582(c)(2) because he received status points, he is ultimately ineligible for further sentence reduction. As Defendant concedes, he already reaped the benefit of Amendment 821.

Defendant was sentenced on November 15, 2023 (ECF No. 38). In anticipation that Amendment 821 would be in effect at the time of sentencing, the final presentence report, disclosed on October 25, 2023, reflected the impact of Amendment 821 and the November 1, 2023 Guideline was utilized for the guideline calculation. Defendant scored 11 criminal history points before the application of any status points (PSR, ¶ 63). Defendant received one status point because he had seven or more criminal history points and committed the offense while under a criminal justice sentence in three separate state of Michigan cases (PSR, ¶ 64). This results in a total criminal history score of 12, which places Defendant in category V. With a total offense level of 21 and a criminal history category of V, the advisory guideline imprisonment range for Count One would be 70 to 87. In the supplemental response to the Report of Eligibility, Defendant concedes that he has already received the benefit of

Amendment 821 and is not entitled to any additional relief under the Amendment (ECF No. 57).

For these reasons, the Court **DENIES** Defendant Davis' motion for a sentence reduction. (ECF No. 45).

**IT IS SO ORDERED.**

Date: October 21, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge